IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                 Case No. 23-CR 0271 DHU

MORRIE LEE BEGAYE,

        Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE

    COMES NOW Morrie Begaye, defendant, through undersigned counsel moves the court to continue the jury trial currently scheduled for May 6, 2024, and to vacate and reschedule all deadlines and settings in this matter.

    As grounds counsel states:

    1.    Mr. Begaye is charged with Second Degree Murder, is violation of 18 U.S.C. §1111.

    2.    This matter is set for trial on May 6, 2024. The defense requests a continuance of 120 days.

    3.    Mr. Begaye was arraigned on the sole count contained in the indictment in this matter on February 28, 2024. The allegation arises out of events that took place in June of 2022. No discovery has yet been disclosed. Once disclosed it is anticipated that a great deal of investigation will be required to prepare Mr. Begaye's defense in

this matter. The current trial schedule does not provide sufficient time for these actions to be completed, so more time is requested.

4.  The parties are hopeful that once all discovery material has been disclosed and required investigation completed, negotiations toward resolving this matter without the need for a trial will possible.

5.  Mr. Begaye has a constitutional right to a thorough and complete investigation into this incident. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052 (1984). Counsel requires a minimum of an additional 120 days to complete this task.

6.  As stated, the parties anticipate sincere efforts to achieve resolution via plea, yet should this matter proceed to trial, undersigned counsel would require additional time to prepare. The right to the effective assistance of counsel includes adequate time to prepare for trial, and effectively complete a defense investigation. Without this, Mr. Begaye would be denied the right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee

        of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

    7.    The Federal Defender Office for the District of New Mexico is not fully staffed. Attorneys have recently left the Federal Defender Office [FPD] and with the current federal budget situation we have had to reduce the hours of several employees. This situation has had the effect of increasing the caseload of all attorneys in the FPD office. These circumstances are one reason a continuance is needed in this matter.

    8.    Undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009).

    9.    Additional time than the current trial date provides in this matter will serve the ends of justice as it will allow counsel and Mr. Begaye to review all

discovery once disclosed, and to conduct a reasonable and thorough investigation, to determine whether pretrial motions are appropriate, and to otherwise prepare effectively for trial.

10. Assistant United States Attorneys Brittany DuChaussee and Caitlin Dillon do not oppose the requested continuance.

WHEREFORE, Mr. Morrie Begaye, by and through undersigned counsel, respectfully requests that this Court continue the May 6, 2024, jury trial setting and deadlines for minimum of one hundred twenty (120) days.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

 /s/ *filed electronically on 3/6/24*
JAMES C. LOONAM, AFPD
Attorney for Defendant