IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-CR-271-DHU |
| | ) | |
| v. | ) | |
| | ) | |
| **MORRIE LEE BEGAYE**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States moves for a protective order to restrict discovery. Specifically, the government seeks a protective order permitting the government to provide discovery containing medical information, references to medical history, and personal identifying information to defense counsel and restricting its subsequent disclosure or retention. The Defendant's attorney, James C. Loonam, has been consulted about this motion via email and does not object to entry of the proposed protective order that is being submitted with this motion.

The Defendant was charged by indictment on March 7, 2023, with Second Degree Murder in violation of 18 U.S.C. § 1111 and 18 U.S.C. § 1153. (Doc. 2). The Defendant is alleged to have killed John Doe with malice aforethought. During the investigation, the FBI collected medical records from the incident, other medical incidents, medical history, and personal identifying information (PII). The parties are in the process of coordinating and finalizing discovery. However, contained within the potential discovery are John Doe's medical records from the incident, and medical records for potential witnesses. These records are voluminous and contain references to sensitive medical history and information.

Victims have right "to be treated with fairness and with respect for the victim's dignity and privacy" 18 U.S.C. § 3771(a)(8). Rule 16(d)(1) authorizes the Court to "restrict discovery or inspection" at any time. This protective order allows for the discovery of information relevant to the charges against the Defendant in alignment with the United States' obligations under the Due Process Protections Act, while appropriately balancing the rights of John Doe under 18 U.S.C. § 3771.

Accordingly, the government respectfully requests that this Court enter a protective order:

1. Permitting the government to provide the medical records of John Doe and other potential witnesses, without redacted PII due to the substantial volume of records;

2. Ordering the defense team to safeguard and not disclose the medical records, other than to the extent necessary to prepare the defense;

3. Ordering that the Defendant is not allowed to retain the medical records of the victim or potential witnesses during the course of the litigation (although Defendant is entitled to review the materials with his counsel or members of his defense team);

4. Ordering the parties to ensure that the medical records are redacted from any documents filed with the court (unless filed under seal) and from any exhibits offered at trial; and

5. Ordering counsel for the Defendant to collect from the defense team and retain in an appropriate manner the medical records of the victim or potential witnesses immediately after sentencing or acquittal in this matter.

The United States has conferred with defense counsel, James C. Loonam, regarding the motion and proposed protective order, and has been informed that Defendant does not object to the requested relief.

Respectfully submitted:

ALEXANDER M. M. UBALLEZ
United States Attorney


*/s/ Filed Electronically*
CAITLIN L. DILLON
BRITTANY DUCHAUSSEE
Assistant U.S. Attorneys
201 3rd Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that on March 13, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.


*/s/ Filed Electronically*
Caitlin L. Dillon, Assistant U.S. Attorney